STATE OF MAINE                              SUPERIOR COURT
WALDO, SS.                                  DOCKET NO. CR-15-524


STATE OF MAINE                    )
                                  )
                                  )
          v.                      )          ORDER DENYING MOTION
                                  )          TO SUPPRESS
                                  )
                                  )
                                  )
JEFFREY HODGDON                   )


The Defendant presented a Motion to Suppress which was heard before the
Court on October 24, 2016. The State presented three witnesses who were
present and participated in a search of the Defendant's home on July 17,
2015.

The Defendant's motion contends that the search of the Defendant's
premises, and the subsequent seizure of evidence in the nature of marijuana,
was undertaken in violation of the State and Federal Constitutional
provisions proscribing such activity. The Defendant further argues that he
was subjected to custodial interrogations without proper *Miranda* warnings
having been provided by the State.

## FACTUAL BACKGROUND

The Defendant resides on Tucker Brook Road in Lincolnville Maine. In
response to certain nonspecific information regarding a marijuana growing
operation, Maine State Police Detective, Scott Quintero, drove along the

1

Tucker Brook Road on July 17, 2015 and observed visible buckets containing marijuana plants which were not fully enclosed by fencing. As a result of these observations, Detective Quintero drove onto the property of the landowner and made contact with the Defendant, his wife, and teenage son. Much of Detective Quintero's interactions with the Defendant were captured on a recording which was admitted into evidence at the hearing as State's Exhibit 2.

There was a detailed discussion regarding the Defendant's status as a medical marijuana patient and caregiver. There was also considerable discussion regarding the obligations associated with compliance with the medical marijuana requirements, especially with respect to the security requirements relating to the fencing around the plants.

After Detective Quintero's initial arrival, he was joined by MDEA Agent Walter Corey. Agent Corey testified that he observed a 6 to 8 foot wide section of missing fencing, and another area where the fence was only 4 feet high which also had two sections missing.

Detective Quintero and Agent Corey began discussing with the Defendant whether he would be willing to consent to a search of the premises. Detective Quintero specifically informed the Defendant that he was not required to consent to a search, and that if he did not consent the officers would proceed to obtain a search warrant. Detective Quintero went on to then review a proposed consent to search form with the Defendant. Detective Quintero encouraged the Defendant to read the consent form and,

2

again, informed the Defendant that if he was not comfortable consenting he should not sign the form, and they would proceed to get a search warrant.

The Defendant then proceeded to fill out, with the officers assistance, the consent to search form which was introduced into evidence as State's Exhibit 1. The completed form, which was signed by the Defendant, included the location of the property at "77 Tucker Brook Road", but left the line blank immediately after the reference to area to be searched. The concluding paragraph of the form, nonetheless, authorized MDEA "to conduct a complete search of the above-described."

At no point during the subsequent search of the premises did the Defendant in any way attempt to limit or object to any area being searched by the officers involved. To the contrary, the recording suggests the Defendant accompanied the officers throughout the areas within the Defendant's home which were subsequently searched and from which marijuana was ultimately seized.

Subsequent to the consent to search having been given, and the initial search of the Defendant's premises having been undertaken, James Pease, a supervisor with the MDEA arrived on scene and engaged in a further questioning of the Defendant. All of the questioning of the Defendant occurred at the Defendant's home. Although not all were engaged in the questioning of the Defendant, there were four agents, in all, on-site during the course of the search and seizure of the premises. During the course of the discussions with the Defendant he was informed, by more than one officer, that he would not be arrested. The officers did not park their vehicles in a

manner which would have blocked the Defendant's or the defendant's family members' vehicles. The total duration of the questioning of the Defendant is not entirely clear, but the longest file contained in State's Exhibit 2 was approximately 32 minutes.

At no time during the course of any of the officer's discussion or questioning the Defendant was any *Miranda* warning provided to the Defendant.

## ANALYSIS

### 1. The Search

Under both State and Federal constitutional analysis the search of one's premises must be reasonable. Reasonableness "generally requires a warrant or probable cause, but there are exceptions to that requirement, including when the defendant consents to the search. Exceptions to the warrant requirement, including those based on consent, are construed narrowly." *State v. Sargent, 2009 ME 125, ¶10.*

The Law Court in both *Sargent* and in earlier cases which have looked to determine the scope of the suspect's consent has noted,

> [t]he Court asks if "in the light of the particular situation and with account taken of all the circumstances," a reasonable person would believe that some limitation was intended by the person giving the consent. *Id at ¶11.*

4

In this pending case, the Court finds that the Defendant, after being informed by the officers, freely and voluntarily consented to the search of his premises at 77 Tucker Brook Road. The facts also do not lead the Court to conclude that this Defendant intended to limit the consented to search of those same premises. Accordingly, the Defendant's Motion to Suppress the seizure of the evidence obtained from the resulting search is hereby DENIED.

## 2. The Interrogation.[1]

Any person who is in custody and subject to interrogation must be advised of that person's *Miranda* rights. As the Law Court has addressed on a number of occasions, there are a number of factors to consider in making the objective determination of whether a defendant was in custody at the time of his interrogation. *State v. Lowe, 2013 ME 92; State v. Bridges, 2003 ME 103; State v. Higgins, 2002 ME 77.* The Law Court has also noted that these factors must be considered in their totality and not in isolation. Ultimately however, the inquiry is whether a reasonable person standing in the shoes of the defendant would have felt he or she was not at liberty to terminate the interrogation.

Although some of the recognized factors could arguably support an argument that the Defendant was in custody, in considering the totality of the factors in this case, this Court concludes that this Defendant was not in custody at the time of his interrogation on July 17, 2015. The officers'

[1] Although the Defendant's motion does not specify any particular statements made by the Defendant which should be excluded, the Court will review the pending motion with an eye toward exclusion of all of the Defendant's statements made to any officer at his premises on July 17, 2015.

questioning all occurred at the familiar surroundings of the Defendant's home. The Defendant was never subjected to any degree of physical restraint. The subjective views of the officers manifested to the defendant would not have led a reasonable person to conclude that he or she was not free to terminate the questioning. Finally, the questioning was not of an inordinately long duration.

Accordingly, the Defendant's Motion to Suppress the statements derived from the questioning of the Defendant is hereby DENIED.

Date: 12/12/16

_____
SUPERIOR COURT JUSTICE

6